**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mario PENA–LOPEZ, Defendant–Appellant.**

**No. 06–40307**
**Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

June 19, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM: *

Mario Pena–Lopez appeals his guilty-plea conviction and sentence for illegal reentry, in violation of 8 U.S.C. § 1326. Pena–Lopez first argues that the district court erred in assessing a 16–level "crime

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of violence" enhancement under U.S.S.G. § 2L1.2 based on his prior felony conviction for sexual assault of a child under TEX. PENAL CODE § 22.011(a)(2). According to Pena–Lopez, such an offense does not constitute a "crime of violence" within the meaning of § 2L1.2(b)(1)(A). As Pena–Lopez concedes, we review this argument for plain error. *See United States v. Gracia–Cantu,* 302 F.3d 308, 310 (5th Cir. 2002).

The district court committed no error, plain or otherwise. A violation of § 22.011(a)(2) "meet[s] a common-sense as well as a generic, contemporary definition of statutory rape." *United States v. Alvarado–Hernandez,* 465 F.3d 188, 189–90 (5th Cir.2006). It is thus the equivalent of an enumerated offense that triggers the § 2L1.2 enhancement.

Pena–Lopez also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. His constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although he contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.2005). Pena–Lopez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and

circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.